IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALCHEMIST JET AIR, LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CENTURY JETS AVIATION, LLC, 24th )<br>CENTURY, INC., CHARLES SONSON, AND )<br>REGINA KELLY, )<br>)<br>Defendants. ) | Case No. 08 C 5386<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alchemist Jet Air, LLC ("Alchemist Jet") moves this Court to enjoin a lawsuit filed by Defendant Century Jets Aviation, LLC ("Century Jet")[1] and AC Aviation Services, LLC ("AC Aviation") in the United States District Court for the Southern District of New York. Alchemist Jet asserts that it filed the instant action prior to the time that Century Jet and AC Aviation filed the lawsuit in New York, and that the allegations raised by Century Jet and AC Aviation in the New York action must be brought as compulsory counterclaims to the case before this Court. Alchemist Jet has also filed a Motion to Strike the declarations of Charles Sonson and Stephen Sugrue submitted by Century Jet in opposition to Alchemist Jet's Motion to Enjoin. For the reasons stated, Alchemist Jet's Motion to Enjoin is denied and its Motion to Strike is denied as moot.

## STATEMENT OF FACTS/PROCEDURAL HISTORY

On September 19, 2008, Alchemist Jet filed the instant case. In its Complaint, Alchemist Jet seeks damages for fraud (Counts I and II), breach of fiduciary duty (Count III), state law Civil Conspiracy (Count IV) and Breach of Contract (Count V). All of the allegations in Alchemist Jet's

---

[1] In the Case before the Court, Alchemist Jet has also named three other defendants that are not part of the New York litigation, 1) 24th Century, Inc., 2) Charles Sonson, and 3) Regina Kelly.

Complaint stem from a contract ("the Agreement") that was entered into by Alchemist Jet, Century Jet and AC Aviation in relation to the use and maintenance of a Gulfstream II jet aircraft ("the Aircraft") that Alchemist Jet had previously purchased. Specifically, Alchemist Jet alleges that Century Jet failed to perform the required maintenance and misled and overcharged Alchemist Jet in relation to the Aircraft's maintenance. On November 14, 2008, Century Jet and AC Aviation filed a lawsuit against Alchemist Jet in the Southern District of New York. The New York Complaint seeks damages for breach of the same contract that is the subject of Alchemist Jet's Complaint before the Court. Specifically, Century Jet and AC Aviation allege that Alchemist Jet failed to pay for the costs associated with flights that it directed be made for its own benefit and for which it was contractually required to pay, failed to provide Century Jets with the contractually required possession of the Aircraft so as to enable it to conduct charter flights and earn its percentage of the charter revenues, prevented Century Jets and AC Aviation from accessing required maintenance records so as to enable them to perform maintenance and repair obligations under the Agreement, and failed to provide proof of insurance coverages as required by the Agreement.

## DISCUSSION

### I. Motion to Strike

As an initial matter Alchemist Jet moves to strike the declarations of Charles Sonson ("Sonson"), Managing Member of Century Jet, and Stephen Sugrue ("Sugrue"), counsel for Century Jet, that were submitted by Century Jet in opposition to Alchemist Jet's Motion to Enjoin. The Court did not consider the portions of the declarations that Alchemist Jet seeks to strike when ruling on Alchemist Jet's Motion to Enjoin and therefore the Motion to Strike is denied as moot.

### II. Motion to Enjoin

The Court has the ability to enjoin another court's proceedings if the action sought to be enjoined is a compulsory counterclaim to the first-filed action. *See Asset Allocation & Mgt. v. Western Employers Ins.*, 892 F.2d 566, 569 (7th Cir. 1990) ("Despite the absence of a clear source of authority for enjoining a second, nonharassing lawsuit . . . , there is overwhelming case authority that the first court has power . . . to enjoin the defendant from bringing a separate suit against the plaintiff in another court, thereby forcing the plaintiff in another court to litigate his claim as a counterclaim or to abandon it."); *see also Warshawsky & Co. v. Arcata National Corp.*, 552 F.2d 1257, 1263 (7th Cir. 1977). The Court's ability to enjoin another lawsuit is "a [discretionary] power, not a duty;" however, the Court should not "countenance the simultaneous litigation of identical claims in two federal courts." *Asset*, 892 F.2d at 572-73. The basis for the Court's power is practical. *See id*. at 572 ("A court-some court-should have the power to prevent the duplication of litigation even though neither party is acting abusively; this is implicit in the very concept of a *compulsory counterclaim*."). The Court should issue an injunction if it will conserve judicial resources, avoid conflicting rulings, and facilitate the economical management of complex litigation. *See id*; *see also Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). While the "first to file" rule provides a presumption of priority for purposes of choosing among possible venues, the presumption is rebuttable. *See Asset*, 892 F.2d at 573. The presumption yields to the interest of justice; as such, courts exercising the power must balance the convenience if the parties litigate in one forum rather than another forum and must consider other special circumstances that militate in favor of proceeding with the later suit instead of the first-filed action. *See id*. at 572-73. Special circumstances can include the defendant's inability to obtain jurisdiction over a counterclaim defendant in the first-filed suit, the trivial nature of the original suit compared

3

to the latter one, a showing that the first action was in bad faith, a showing that the plaintiff in the first-filed action raced to the courthouse to avoid litigation in another forum, or a showing that the second action has developed further than the first. *See id*; *see also Crosley Corp. v. Westinghouse Elec. & Mfg. Co.* 130 F.2d 474, 475 (3rd Cir. 1942).

Here, Alchemist Jet moves the Court to enjoin Century Jet and AC Aviation from proceeding with their New York action asserting that they must bring their claims as counterclaims to Alchemist Jet's suit before the Court. The flaw with Alchemist Jet's request is that AC Aviation is *not* a party to the instant case. Without jurisdiction over AC Aviation, the Court cannot properly order AC Aviation to do or not do anything. *See Asset*, 892 F.2d at 569. Alchemist Jet asserts that the Court's lack of jurisdiction over AC Aviation is not fatal to its position because the Court can obtain jurisdiction over AC Aviation if it is allowed to be joined as a party under Federal Rules of Civil Procedure 19 and 20. Alchemist Jet misses the point; the Court *does not* have jurisdiction over AC Aviation *right now*, and therefore it has no authority to order that AC Aviation be enjoined from proceeding with its suit against Alchemist Jet in New York.

Furthermore, under Federal Rule of Civil Procedure 13(a), a compulsory counterclaim is a claim that "the pleader has against an *opposing party* if the claim arises out of the transaction or occurrence that is the subject matter of the *opposing party's* claim and does not require adding another person over whom the court cannot acquire jurisdiction." Fed.R.Civ.P. 13(a). AC Aviation *is not* a party to the instant case and therefore Alchemist Jet is not an *opposing party*. As such, AC Aviation is not required under Rule 13(a) to bring its New York claims against Alchemist Jet as compulsory counterclaims in the instant action.

In addition, to the extent that Alchemist Jet requests that the Court "order" AC Aviation and

Century Jets to bring their New York claims as compulsory counterclaims, it misunderstands the compulsory counterclaim rule. Despite the impression one might get from the name of the doctrine, no one is "compelled" to present a compulsory counterclaim. *See Publicis Communication v. True North Communications, Inc.*, 132 F.3d 363, 365 (7th Cir. 1997). The definition of a compulsory counterclaim mirrors the condition that triggers a defense of claim preclusion (res judicata) if a claim was left out of a prior suit. *See id.* Preclusion is an affirmative defense and the usual method by which it is enforced is simply by the plaintiff pleading the judgment as res judicata in the defendant's suit. *See Asset*, 892 F.2d at 572. If Alchemist Jet obtains a judgment against Century Jet in this suit it can plead that judgment as a bar to Century Jet's suit in New York. Nowhere in Rule 13 does it give the Court the authority to *order* that a counterclaim be brought in a specific court at a specific time.[2] *See* Fed.R.Civ.P. 13.

The Court has jurisdiction over Century Jet and therefore it may consider whether Century Jet should be enjoined from proceeding with its suit in New York federal district court. To decide this issue, the Court must first determine if Century Jet's New York claims are in fact compulsory counterclaims. *See Asset*, 892 F.2d at 573 (because counterclaims generally can be adjudicated most efficiently in one action (as Rule 13 envisioned), the presumption is that courts should enjoin prosecution of subsequently-filed lawsuits that state claims characterizable as compulsory counterclaims to the initial action). Whether Century Jet's New York claims are compulsory counterclaims hinges on whether they are "logically related" to Alchemist Jet's claims in the instant action and whether the instant action was filed first. *See Colonial Penn Life Ins. Co. v. Hallmark*

---

[2] The Court also notes that Rule 13(a) says nothing about injunctions and although it is referenced in deciding whether another court proceeding should be enjoined, it is not the basis for the Court's power to enjoin another from proceeding with a suit in a separate forum. *See Asset*, 892 F.2d at 572.

*Ins. Adm'rs, Inc.*, 31 F.3d 445, 448 (7th Cir. 1994).

Unfortunately, "logical relationship" is an imprecise phrase with no universally-agreeable meaning. *See Burlington Northern Railroad Co., v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990) ("there is no formalistic test to determine whether suits are logically related"). The Court must examine the factual allegations underlying Alchemist Jet's and Century Jet's claims to determine if the logical relationship test is met. *See id.* In doing so, the Court can consider "the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Id.*

Here, both Alchemist Jet's and Century Jet's claims seek damages for breach of the same contract–the Aviation Services Agreement. To resolve both Alchemist Jet's and Century Jet's claims the Agreement must be interpreted. The Agreement between Alchemist Jet and Century Jet is the common occurrence from which both claims arise. Core facts, including the rights and responsibilities of Alchemist Jet and Century Jet under the Agreement, are common and material to both actions. Additionally, the two actions will involve substantial duplicative discovery if allowed to proceed separately. Century Jet's New York claims are "logically related" to Alchemist Jet's claims in the instant case.[3] But, before the Court can decide if they are in fact compulsory counterclaims under Rule 13, it must first determine which case, the instant case or the New York case, was filed first.

Century Jet asserts that its claims against Alchemist Jet are not governed by Rule 13 because they were the subject of the New York action at the time Alchemist Jet filed the instant case. Century Jet is not required to plead its New York claims as compulsory counterclaims if "when the

---

[3] The Court notes that Century Jets does not take the position, in its response to Alchemist Jet's Motion to Enjoin, that its New York claims are not "logically related" to Alchemist Jet's claims.

[instant] action was commenced, the claim[s] [were] the subject of another pending action." Fed.R.Civ.P. 13(a)(2)(A). To determine whether Century Jet's New York claims were the subject of another pending action, it is necessary to determine which action was filed first. Alchemist Jet filed the instant action on September 19, 2008. Century Jet filed the New York action on November 14, 2008. Therefore, because Alchemist Jet's filed its case more than three weeks before Century Jet instituted proceedings in New York, Alchemist Jet's action was technically the first filed. Century Jet asserts that because Alchemist Jet's first complaint was jurisdictionally defective and it did not file an amended complaint until November 20, 2008, its New York action was actually the first filed. Century Jets cites no case authority for this position. The facts show that Alchemist Jet's Illinois action remained pending from the date it filed its original complaint and the Court has jurisdiction to hear its claims based on diversity. *See* 28 U.S.C. § 1391(a)(2). Therefore, Century Jet's New York claims are compulsory counterclaims to Alchemist Jet's claims in the instant case. As such the Court has the power to enjoin Century Jet's pursuit of its New York action against Alchemist Jet. *See Warshawsky*, 552 F.2d at 1263.

Nevertheless, determining that Century Jet's claims are compulsory counterclaims does not automatically mean that an injunction should be issued. *See id*. As stated previously, in determining whether an injunction should issue the Court is to consider the goal underlying Rule 13(a), to prevent multiplicity of actions. *See id*. The considerations most relevant to the Court's determination are economy, fairness, and consistency. *See id*. While considering these factors, the Court is mindful of the general principal that where two actions arising out of the same transaction are filed in different forums, the party filing the later in time should be enjoined from further prosecution of its suit, unless unusual circumstances warrant otherwise, such as a showing that the

7

plaintiff in the first-filed action raced to the courthouse to avoid litigation in another forum. *See id*; *see also Asset*, 892 F.2d at 572-73; *Crosley Corp*.,130 F.2d at 475..

Century Jet asserts that even if the New York case was filed later in time, as an equitable matter it should be deemed the first-filed action because "if [Alchemist Jet] won the race to the Courthouse, it did so by cutting across the infield."[4] Century Jet's Resp. Br. at 5. This Circuit does not rigidly adhere to the "first to file" rule. *See Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). Second-filed actions may proceed where favored by the interests of justice. *See Tempo Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987). Similarly, courts refuse to enforce the first to file rule where forum shopping motivated the first-filed action. *See e.g., Schwarz v. National Van Lines, Inc.*, 317 F.Supp. 2d 829, 832-33 (N.D. Ill. 2004) (St. Eve, J.). Here, Century Jet's issued a Notice to Cure to Alchemist Jet on August 29, 2008. The Notice to Cure details Alchemist Jet's alleged breaches of the parties' Agreement and mirrors the lawsuit filed by Century Jet in New York. Instead of responding to the Notice, except for sending correspondence denying that sums were owed and due, Alchemist jet initiated the instant lawsuit on September 15, 2008. Alchemist Jet must have known that Century Jet's would file suit against it after receiving Century Jet's notice and opportunity to cure, particularly in light of the fact that Alchemist Jet did nothing to cure the alleged breach after receiving Century Jet's

---

[4] Century Jet, however, abandons its argument there. Instead of contending that because equitable principles counsel in favor of finding that the New York action was the first filed the Illinois case should be enjoined and the New York case should proceed, Century Jets appears to contend only that the New York action should not be enjoined. Put another way, Century Jets seeks a ruling from the Court that the New York action be allowed to proceed and that the Illinois action be allowed to proceed; however, Century Jets is misapplying the "first to file" rule. The "first to file" rule is premised on the notion that there should not be simultaneous litigation of essentially identical claims in two federal district courts; one of those actions should yield to the other in the interest of judicial economy. *See Asset*, 892 F.2d at 573. The "first to file" rule is a method of choosing among potential venues in this situation. *See Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Century Jet's contention that both actions should continue down parallel roads is untenable; one or the other must give way.

Notice. Furthermore, it is worth noting that Alchemist Jet never sent Century Jet a Notice to Cure before it filed the instant action. Alchemist Jet insists that issuing a Notice to Cure was not a condition precedent under the Agreement to filing suit against Century Jet. While that may be true, the fact that Alchemist Jet failed to do so can be used to determine if it "raced to the courthouse to avoid litigation in another forum," and whether Century Jet's New York action should be enjoined. *See Asset*, 892 F.2d at 572-73; *Crosley Corp.*, 130 F.2d at 475. From these facts, it appears that Alchemist Jet filed the instant suit in anticipation that Century Jet would file suit against it. In acting faster than Century Jet, Alchemist Jet was able to pick the forum of its liking; however, "the court is not called upon merely to say which side won the hundred yard dash to some courtroom." *Tempco*, 819 F.2d at 750 (quoting *Technical Tape Corp. v. Minnesota Min. & Mfg. Co.*, 135 F.Supp. 505, 509 (D.C.N.Y. 1955)).

Here, the Court recognizes the problem that Alchemist Jets faces if it is required to prosecute a case in Illinois and defend against a virtually identical case in New York; however, to grant an injunction as to Century Jet's New York claims under these circumstances would not serve to further judicial economy. *See Asset*, 892 F.2d at 572. As stated previously, the Court cannot enjoin AC Aviation from proceeding with its New York action against Alchemist Jet and therefore Alchemist Jet will likely be required to litigate in New York regardless if the Court were to grant an injunction as to Century Jet's New York claim. Thus, an injunction only as to Century Jet's claims will not prevent multiplicity of actions, will not avoid conflicting rulings and will not conserve judicial resources. *See Warshawsky*, 552 F.2d at 1263 (an injunction should issue to prevent multiplicity of actions). Furthermore, while Alchemist Jet technically filed the instant case three weeks before Century Jet filed the New York action, it appears that Alchemist Jet did so to "beat Century Jet to

9

the punch." *See Tempco*, 819 F.2d at 750 (in the context of granting injunctions, the "first to file" factor should give way to other considerations when a litigant engages in "procedural fencing . . . to choose a forum."). For all of these reasons, the Court finds that the underlying goals of Rule 13(a) and the considerations most relevant to determining if an injunction should issue, economy, fairness, and consistency will not be met if the Court enjoins Century Jet's New York action. *See id*; *see also Warshawsky*, 552 F.2d at 1263 (citing *Martin v. Graybar Electric Co.*, 266 F.2d 202, 203 (7th Cir. 1959)) ("[T]he question whether an injunction should or should not issue where the parties are prosecuting distinct actions in different courts [is] within the discretion of the district court and [] any mechanical solution of such problems [is] not wise judicial administration.").

In light of the fact that AC Aviation's New York claims against Alchemist Jet will remain even if the Court were to enjoin Century Jet from proceeding with its New York claims, the solution, it seems, is not simply to enjoin Century Jet's New York action, but rather to enjoin the instant action or to transfer the instant action to New York. *See Warshawsky*, 552 F.2d at 1265 (the district court has at its command a variety of procedural devices to promote Rule 13(a)'s single-suit objective). The forum selection clause in the parties' Agreement specifically allows for suits to be brought in New York and the Agreement even calls for application of New York law in all disputes arising from the Agreement. Furthermore, were the Court and the New York court to address Alchemist Jet's and AC Aviation's claims independently, there would be a very real risk of inconsistent judgments. It is immaterial that Alchemist Jet's instant claims name additional parties, besides Century Jets, as defendants. If Alchemist Jet were forced to bring its claims in New York as counterclaims to Century Jet's New York action, Rule 13(h) would allow the additional parties to be joined pursuant to Rule 20(a), provided there was personal jurisdiction over them. As it stands,

10

the Court cannot see why the remaining defendants, Charles Sonson, managing partner of Century Jet and president of 24th Century, Inc., 24th Century, Inc., and Regina Kelly, employee of both Century Jet and 24th Century, would oppose personal jurisdiction in New York in light of the fact that Century Jet chose New York as the forum to bring its suit against Alchemist Jet. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (defense of personal jurisdiction can be waived).

Furthermore, Illinois is not the home forum to either Alchemist Jet or Century Jet. *See Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (the citizenship for diversity purposes is of a LLC is the citizenship of each of its members). Alchemist Jet is a LLC with its sole member being a citizen of California and Century Jets is also an LLC with its sole member being a citizen of Virginia. Lastly, if the instant case is transferred to New York the New York court can consolidate the instant case with Century Jet's related litigation. It appears that either a transfer to the New York forum or an injunction of the instant case will afford a complete adjudication of all of the parties' claims without any duplication of judicial resources. *See Warshawsky*, 552 F.2d 1263 ("Rule 13(a)'s single suit objective could have been met confining all of the disputes in either [forum]. That the Illinois court first acquired jurisdiction of the controversy, with power to enjoin subsequent proceedings in another jurisdiction, although entitled to weight, does not necessarily entail the conclusion that it was required to exercise that power.").

**CONCLUSION**

For the reasons stated, Alchemist Jet's Motion to Enjoin is denied. Alchemist Jet must submit a brief memorandum on whether it opposes a transfer of this case to New York by June 29, 2009. Century Jet, Charles Sonson, 24th Century, Inc., and Regina Kelly are to respond by July 8, 2009. In their response, the defendants are directed to address whether New York can exercise

11

personal jurisdiction over them and if not, whether they plan to submit to the jurisdiction of the New York court.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: June 12, 2009